**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00726-RWS |
| | ) | |
| EASTSIDE ORTHOPEDIC MEDICAL | ) | |
| ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Cedric Greene's application to proceed in district court without prepaying fees or costs. Based on the financial information provided in the application, the Court finds that Plaintiff is unable to pay the filing fee. The Court will grant the application and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this case for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

Based on a search of Court records, Plaintiff has filed a total of twenty-nine cases in this Court since March 5, 2025. At least nineteen of Plaintiff's cases have already been dismissed for lack of subject matter jurisdiction or improper venue. In addition, the Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuits and federal district courts in Kansas, Utah, California, and Nevada). In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country.

*See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

### The Complaint

Plaintiff brings this suit against Eastside Orthopedic Medical Associates stating that the medical group denied and delayed his treatment from May 5, 2020 to July 1, 2020. ECF No. 1 at 5. Plaintiff has not specified an amount in controversy, but states that he should be awarded damages "under torts due to the intentional delays and neglects of [Defendant.]" *Id.* at 7.

### Discussion

Plaintiff has not established that venue is proper in this Court. Defendant is located in California and the events complained of occurred in California. Based on Plaintiff's prior filings, he was a resident of California at the time of the alleged events. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Under these venue provisions, venue is proper only in California.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district in which it could have been brought. Because of Plaintiff's history of vexatious litigation, the Court finds it is not in the interest of justice to transfer this case. The Court will dismiss this case for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of May, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE